IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 So. Howard Street<br>Baltimore, Maryland 21201<br><br>       Plaintiff,<br><br>v.<br><br>BEEM IRRIGATION, INC. t/a MONTGOMERY IRRIGATION<br>7935 Old Jessup Road<br>Jessup, Maryland 20794<br><br><br><br>       Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>AMD07CV 475<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, national origin and retaliation, and to provide appropriate relief to Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals who were subjected to unlawful employment practices on the basis of race and national origin, Hispanic, and retaliation. The Commission alleges that Beem Irrigation, Inc, t/a Mongomery Irrigation ("Defendant" or "Beem") is liable for discriminating against such persons on the basis race and national origin, Hispanic, and retaliation as alleged with greater particularity in paragraph 7 below, in that Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated

individuals were repeatedly subjected to racial and national origin harassment, including ethnic and racially derogatory slurs and comments, other disparate terms and conditions of employment, and were discharged on the basis of their race and national origin, Hispanic, and/or in retaliation for complaining of the harassment, and/or were forced to resign because their working conditions were so intolerable.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Maryland and the City of Jessup, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit Rene Merino, Marvin Ceron, Ronald Martinez, and Nelson Rivas filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2002, Defendant has engaged in unlawful employment practices in continuing violation of Section 703(a) of Title VII, 42 U.C.S. §2000e-2(a) and 704(a) of Title VII, 42 U.S.C.§2000e-3(a). Such practices include, but are not limited to, the following:

    a) Defendant has subjected Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals to racial and national origin harassment and a hostile work environment on the basis of their race and national origin, Hispanic, including but not limited to, Defendant's employees', supervisors' and management officials' use of derogatory racial and ethnic-based slurs and comments, and other harassing behavior towards these employees based on race and national origin, Hispanic, in violation of Section 703(a) of Title VII;

    b) Defendant has subjected Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals to disparate terms and conditions of employment, including but not limited to restricted access or use of Defendant's facilities, limited work breaks and other disparate terms, conditions and benefits of employment based on race and national origin, Hispanic, in violation of Section 703(a) of Title VII;

    c) Defendant discharged Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals on the basis of their race and national origin, Hispanic, in violation of Section 703(a) of Title VII; and/or

    d) Defendant discharged Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals in retaliation for their opposition to practices made unlawful by Title VII in violation of 704(a) of Title VII; and/or

    e) Defendant, by engaging in racial and national origin harassment, made the conditions of employment so intolerable that Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals were forced to resign and thereby were constructively discharged in violation of Section 703 (a) of Title VII.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their race and/or national origin, Hispanic and because they engaged in the federally protected activity of opposing practices made unlawful by Title VII.

9. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from subjecting individuals to race and national origin harassment and engaging in any other employment practice which discriminates on the basis of race and national origin.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in retaliatory conduct against persons because they oppose race or national origin harassment or other practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanics and individuals from places of origin other than the United States and which eradicate the effects of its past and present unlawful employment practices, including: 1) the institution of effective race and national origin harassment and non-retaliation policies; 2) the dissemination of these policies to all its managers and employees; and 3) mandatory training for all managers and employees regarding the legal prohibitions against employment discrimination, including race and national origin harassment and retaliation in the workplace and the Defendant Employer's race and national origin harassment and non-retaliation policies.

D. Order Defendant to make whole Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

  E. Order Defendant to make whole Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

  F. Order Defendant to make whole Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and a class of similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to determined at trial.

  G. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  H. Order Defendant to post a signed notice to all employees, conspicuously placed in Defendant's facility for a period of at least one year, that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of race and national origin and that it will not take any action against employees because they opposed practices made unlawful under Title VII or have exercised their federally protected rights under Title VII.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully submitted
>
>RONALD S. COOPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN REAMS
>Associate General Counsel
>
>_____
>JACQUELINE H. MCNAIR
>Regional Attorney
>
>_____
>DEBRA M. LAWRENCE
>Bar No. 04312
>Supervisory Trial Attorney
>
>_____
>CECILE C. QUINLAN
>Bar No. 06072
>Trial Attorney
>
>EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Baltimore Field Office
>S. Howard Street, 3rd Floor
>Baltimore, MD 21201
>(410) 209-2728
>(410) 962-4270 (fax)