IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEEM IRRIGATION, INC. t/a MONTGOMERY IRRIGATION )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. AMD-07-0475 |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), against Defendant Beem Irrigation, Inc. t/a Montgomery Irrigation ("Defendant"), on February 26, 2007. The Complaint alleges that Defendant subjected Rene Merino, Marvin Ceron, Ronald Martinez, Nelson Rivas and others to racial and national origin harassment, Hispanic, disparate terms and conditions of employment, and discharged them on the basis of race and national origin, or in retaliation for their opposition to such practices, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sections 2000e-2(a) and 2000e-3(a). Defendant filed an Answer denying all allegations in the Complaint

. The Commission and Defendant have entered into this Decree to resolve this disputed claim and to avoid the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

For the purposes of resolving this action, Defendant admits that the Court has jurisdiction over this action and that all statutory and jurisdictional prerequisites to suit have been satisfied.

This Decree, being entered with the consent of the Commission and Defendant, is for

settlement purposes only and shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission of liability by Defendant or as a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII.  Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

1.  This Decree constitutes a full and final discharge and satisfaction of any and all claims which have been alleged in the Complaint which emanated from the Charges of Discrimination Nos. 120-2004-01426, 120-2004-01437, 120-2004-01443 and 120-2004-01439 filed by Rene Merino, Marvin Ceron, Ronald Martinez and Nelson Rivas.

## Injunctive Relief

2.  Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest shall be enjoined and restrained from engaging in any employment practice during the Term of this Decree which discriminates on the basis of race, national origin and retaliation in violation of Title VII, particularly with regard to harassment, terms and conditions and discharge.

## Race and National Origin Policy

3.  Within fifteen (15) days of the entry of this Decree, Defendant shall institute, implement and distribute to all its managers and employees a revised policy on race and national origin harassment, and retaliation. The revised policy shall include, at a minimum, a clear explanation of prohibited conduct, designation of a contact person to whom the prohibited conduct should be reported, with an effective method of contact, a complaint procedure that

provides accessible avenues of complaint, assurance that the employer will take all reasonable measures to protect confidentiality, conduct an impartial investigation, refrain from retaliating against any person who complains of such conduct or participates in such investigation, and take prompt and appropriate corrective action.  Within ten (10) days of the institution of this revised policy, Defendant shall forward to the Commission's attorney of record, at the EEOC's Baltimore Field Office, written certification that this policy on race and national origin harassment referenced herein has been distributed to all of its managers and employees.

### Posting of Policy and Notice

4.      Within fifteen (15) days of the entry of this Decree, Defendant will post the revised race and national origin harassment policy in all places where notices to employees are customarily posted at its facilities.  The revised harassment policy shall be posted and maintained for a period of three (3) years from the date of posting and shall be signed by a responsible official of Defendant with the date of actual posting shown thereon.  Within (10) days of the posting of the policy, Defendant shall forward to the attorney of record at the Baltimore Office a written certification that the policy referenced herein has been posted and a statement of the location(s) and date of posting.

5.      Within fifteen (15) days of the entry of Decree, Defendant  will post in all places where notices to employees are customarily posted at its facilities, the Notice attached hereto as Exhibit "A" and made a part hereof.  Said Notice attached hereto as Exhibit "A" shall be posted and maintained for a period of at least three (3) years from the date of posting and shall be signed by a responsible official of Defendant with the date of actual posting shown thereon.  Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as heretofore specified.  Within ten

(10) days of such posting, Defendant shall forward to the attorney of record at the Baltimore Field Office a copy of the signed Notice attached hereto as Exhibit "A" and written certification that the Notice referenced herein has been posted and a statement of the location(s) and date of posting.

## **Training**

6.      Within ninety (90) days of the entry of this Decree, Defendant will provide mandatory training of no less than two (2) hours duration to all its employees, including managerial and supervisory employees, regarding federal EEOC laws prohibiting discrimination in employment enforced by the Commission, particularly those concerning race and national origin discrimination, and retaliation under Title VII, and Defendant's revised policy described in paragraph 3 above.  The trainer's credentials and an outline of program materials shall be forwarded to the EEOC's attorney of record ten (10) days prior to such training being conducted, and a representative of the Commission shall be invited to attend such training. Within fifteen (15) days of the completion of this training, Defendant shall forward to the attorney of record at the Baltimore Field Office written certification that the training has been completed together with a list of all employees who have been trained, and the dates of the training.  Defendant also agrees to provide such training, by means of live presentation or DVD/Video format, within thirty (30) days of hire, to each newly-hired employee, including any managerial and supervisory employee.  For the duration of the Decree, Defendant shall keep a record of all new employees who received the training described herein and, upon written request of the Commission, will provide a list of all new employees who have been trained, and the dates of the training, during the appropriate reporting period.

**Individual Relief**

7. Within ten (10) days of the entry of this Decree, Defendant will pay the total amount of seventy seven thousand dollars ($77,000) to the following persons in the following amounts:

    (a). Rene Merino in the total amount of $19,250.00.

    (b). Marvin Ceron in the total amount of $19,250.00.

    (c). Ronald Martinez in the total amount of $19,250.00.

    (d). Nelson Rivas in the total amount of $19,250.00.

8. Defendant will take no withholdings from the foregoing amounts and will issue a Form 1099 to Rene Merino, Marvin Ceron, Ronald Martinez and Nelson Rivas reflecting the foregoing payments as other income. Defendant agrees that the check(s) shall be forwarded to the individuals in the amounts listed above in ¶7 (a) through (d) by overnight mail at the appropriate addresses to be supplied by the Commission. Within five (5) days of this payment, Defendant shall send to the Commission's attorney of record a copy of the check(s) along with a copy of the overnight delivery receipt.

9. Defendant shall remove any records or documents relating to the filing of charges of discrimination by Rene Merino, Marvin Ceron, Ronald Martinez, and Nelson Rivas, or the Commission's lawsuit against Defendant, from the personnel files of Rene Merino, Marvin Ceron, Ronald Martinez, and Nelson Rivas, wherever maintained. Reference requests regarding these individuals shall be answered by Defendant in neutral terms limited to position, rate of pay, and dates of employment.

**Breach Provision**

10. If any party to this Decree believes that any other party has breached a material

provision of this Decree, it shall so notify the party (s), in writing, of the alleged breach.  Upon receipt of written notice, a party(s) shall have thirty (30) days to either correct the alleged breach, and so inform the other party(s), or deny the alleged breach in writing. If the parties remain in dispute, they shall attempt in good faith to resolve their dispute.  If the parties cannot in good faith resolve their dispute, the party alleging a breach may file with the Court a motion alleging Defendant's violation of the terms of this Decree seeking appropriate relief  Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action.  Jurisdiction and venue to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

## **Term of Decree**

11. This Decree shall remain in full force and effect for a period of three (3) years from the date of approval and entry of this Decree by the Court. ["Term"]

12. The Court shall retain jurisdiction of this action to ensure compliance with this Decree during the Term.  In all other respects, upon approval and entry by the Court of this Decree, the Commission's action against Defendant is dismissed with prejudice and the Clerk of the Court is directed to remove this action from the Court's calendar.

## **Miscellaneous**

13. The Commission reserves the right to monitor compliance with the provisions of this Decree.  As part of such review during the Term, the EEOC, upon notice to Defendant, may require written reports concerning compliance, inspect Defendant's premises, interview witnesses, and examine and copy documents at reasonable times to be mutually agreed to by the parties.

14. The Commission and Defendant shall bear their own costs, expenses and

attorneys' fees incurred in connection with this action.

15.     The undersigned counsel of record, on behalf of their respective clients, hereby consent to the entry of the foregoing Consent Decree.

**16.     THE CLERK MAY CLOSE THIS CASE.**

**AGREED:**

| FOR DEFENDANT: | FOR PLAINTIFF: |
|---|---|
| **BEEM IRRIGATION, INC.** | **EQUAL EMPLOYMENT OPPORTUNITY** |
| **t/a MONTGOMERY IRRIGATION** | **COMISSION** |

FOR PLAINTIFF side:

RONALD S. COOPER
General Counsel

_____/s/_____
TIMOTHY JACOBS
President, Beem Irrigation, Inc.
7935 Old Jessup Road
 Jessup, Maryland 20794

 JAMES LEE
  Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/s/_____
JACQUELINE H. MCNAIR
Regional Attorney
EEOC-Philadelphia
 District Office (including
Baltimore Field Office)

 _____/s/_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney
EEOC-Baltimore Field Office

7

8

                           _____/s/_____
CECILE C. QUINLAN
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
EEOC-Baltimore Field Office
10 S. Howard St., 3rd Floor
Baltimore, MD  21201
(410) 209-2728

So ORDERED this 28th day of December, 2007

_/s/Andre M. Davis
UNITED STATES DISTRICT COURT JUDGE